## Wible v. Philadelphia, Appellant.

*Negligence—Municipalities—Defective sidewalk.*

In an action to recover damages for personal injuries to a child from falling at a depressed place in a sidewalk, the case is for the jury, where defendant's witnesses testify that the bricks were simply depressed, while plaintiff's witnesses testify that they were entirely removed, and the testimony is conflicting as to the depth of the hole, varying from three quarters of an inch to nine inches.

Argued Oct. 22, 1902. Appeal, No. 12, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1900, No. 846, on verdict for plaintiff in case of George W. Wible, Florence E. Wible, by her father, the said George W. Wible, v. Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child. Before McMICHAEL, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for $1,500 in favor of Florence G. Wible, and $500 in favor of George W. Wible.

*Error assigned* was in refusing binding instructions for defendant.

*Chester N. Farr, Jr.*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.

*Eugene Raymond*, for appellee.

OPINION BY BEAVER, J., November 19, 1902.

This case presents a single and very simple question, would the court have been justified in saying, as it was asked to say, " That, under all the evidence, the verdict should be for the defendant?" or, in other words, could it say, as a question of law, based upon undisputed evidence, that defendant was not guilty of negligence? The question is essentially one of fact, concerning which there was contradictory testimony but really very little of actual dispute. The testimony on the one side was positive, on the other it was for the most part negative. Three witnesses had noticed the defect before the accident ; one of them had stumbled over the projection in the pavement; ten had not noticed it. The depression, as claimed by the appellant—the hole, as described and testified to by appellee's witnesses—was unquestionably at the point where the child was injured. Was it three quarters of an inch, as claimed by the appellant, or nine inches deep, as testified to by one of the plaintiff's witnesses, the depth based, as he alleged, upon actual measurement? Were the bricks of the pavement simply depressed, as claimed by the appellant's witnesses, or entirely removed, as testified by those of the appellee? These are, of course, pure questions of fact. It is difficult to reconcile the conflicting statements. If reconciled, it must be done by the jury. If not, they are to determine to what extent the various witnesses are to be believed.

Whilst it is true that the mere fact of the accident was not in itself proof of the negligence of the defendant and also true that a municipality is not an insurer against accidents on the streets and sidewalks which it is bound to maintain in good order, it is, nevertheless, true that there was such a condition of affairs here, if the plaintiff's witnesses were believed, as carried with it constructive notice of the defect in the sidewalk to the municipality.

There is no dispute as to the law. The general principles are assented to by both sides. If the witnesses of the plaintiff were to be believed, there was such a condition of affairs on the sidewalk at the corner of Sepviva and Fletcher streets as should have attracted the attention of the city authorities and the

court would not have been justified in taking the case from the jury, whose province it was to determine whether or not the plaintiff's witnesses were to be believed.

Upon a careful reading of the entire testimony, we think the court was justified in submitting the case to the jury and there is no fault found as to the manner in which this was done. Judgment affirmed.